**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BOZANA KRUPNIKOVIC, as Personal Representative of the Estate of Strahinja Krupnikovic, Deceased, BOZANA KRUPNIKOVIC, Individually and as next of kin, and BOZANA KRUPNIKOVIC, as Mother and Guardian of A.K., a Minor and next of kin,<br><br>Plaintiffs,<br><br>v.<br><br>STERLING TRANSPORTATION SERVICES, INC., Unknown Spouse, Heirs, Devisees, Legatees, Executors, Administrators, and Assigns, if any, of THOMAS HOUSE, Deceased, Individually, LW MILLER TRANSPORTATION HOLDINGS, INC., and JAMES GANSER, Individually,<br><br>Defendants. | Case No. 14-4886<br><br>PLAINTIFFS' COMPLAINT FOR WRONGFUL DEATH AND LOSS OF CONSORTIUM |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, BOZANA KRUPNIKOVIC, as Personal Representative of the Estate of Strahinja Krupnikovic, Deceased; BOZANA KRUPNIKOVIC, Individually and as next of kin of Strahinja Krupnikovic, Deceased; and BOZANA KRUPNIKOVIC, as Mother and Guardian of A.K., a Minor and next of kin of Strahinja Krupnikovic, Deceased, by and through their attorneys, OSTOJIC & SCUDDER, LLC, and for their Complaint against Defendants, STERLING TRANSPORTATION SERVICES, INC., a Nebraska Corporation; Unknown Spouse, Heirs, Devisees, Legatees, Executors, Administrators and Assigns, if any, of THOMAS HOUSE, Deceased, Individually; LW MILLER TRANSPORTATION HOLDINGS, INC., a Utah Corporation; and JAMES GANSER, Individually, and for each of them, states as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over Defendants because: Defendants are present within or have minimum contacts with the State of Illinois and the Northern District of Illinois; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Illinois and the Northern District of Illinois; Defendants have sought protection and benefit from the laws of the State of Illinois; and Defendants regularly conduct business within the State of Illinois and within the Northern District of Illinois.

2. More specifically, Defendants, directly and/or through authorized intermediaries, ship, transport, navigate or otherwise operate their vehicles on or within the roadways of the United States, the State of Illinois, and the Northern District of Illinois.

**PARTIES**

3. Plaintiff, BOZANA KRUPNIKOVIC, as Administrator of the Estate of Strahinja Krupnikovic by the Circuit Court of Cook County, Illinois[1], brings this wrongful death and survivorship action as the personal representative of the Estate of Strahinja Krupnikovic for the exclusive benefit of the surviving next of kin of the deceased.

4. At all times relevant herein, Plaintiff BOZANA KRUPNIKOVIC was the wife and next of kin of Strahinja Krupnikovic, the deceased.

5. At all times relevant herein, Plaintiff BOZANA KRUPNIKIOVIC is and has been the mother and guardian of A.K., a Minor and daughter and next of kin of Strahinja Krupnikovic, the deceased.

6. Decedent Strahinja Krupnikovic (hereinafter "Krupnikovic"), age 25, was a resident of the State of Illinois and had a life expectancy of additional 57 years at the time of his death.

---

[1] Petition for Letters of Administration filed with the Clerk of the Circuit Court of Cook County on June 27, 2014, Case No. 14 P 3888, initial hearing set for July 28, 2014.

7. At all times relevant herein, Defendants Unknown Spouse, Heirs, Devisees, Legatees, Executors, Administrators, and Assigns, if any, of THOMAS HOUSE, Deceased (hereinafter "HOUSE") were individuals residing, on information and belief, in the State of Nebraska and, on information and belief, HOUSE was an agent of Sterling Transportation Services, Inc. as a truck driver.

8. At all times relevant herein, Defendant STERLING TRANSPORTATION SERVICES, INC. (hereinafter "STERLING TRANSPORTATION") is and has been a Nebraska corporation.

9. At all times relevant herein, Defendant JAMES GANSER is an individual residing, on information and belief, in the State of Nebraska and, on information and belief, was and is an agent of LW Miller Transportation Holdings, Inc. as a truck driver.

10. At all times relevant herein, Defendant LW MILLER TRANSPORTATION HOLDINGS, INC. (hereinafter "LW MILLER TRANSPORTATION") is and has been a Utah corporation doing business in the State of Nebraska.

## GENERAL ALLEGATIONS

11. On or about July 3, 2012, at approximately 1:00 A.M., Krupnikovic operated a 2007 Kenworth truck/tractor semi-trailer in a westbound direction on Highway 30 near the County of Merrick, and State of Nebraska.

12. At the time and place aforesaid, GANSER operated a 2012 Peterbilt truck/tractor semi-trailer in an eastbound direction.

13. At the time and place aforesaid, HOUSE operated a 2007 Volvo truck/tractor semi-trailer in an eastbound direction, immediately following GANSER.

14. At all times relevant hereto, weather conditions were clear and traffic was minimal, and Krupnikovic's semi-trailer was the only other motor vehicle on Highway 30 other than those of GANSER and HOUSE.

15. Shortly prior to the time and place aforesaid, while traveling eastbound on Highway 30 at or about City of Central City, County of Merrick, State of Nebraska, GANSER noticed HOUSE to be following his semi-trailer at a distance of only five to ten feet.

16. While traveling through Central City, GANSER was traveling approximately 60 miles per hour and HOUSE kept his same pace.

17. That at the time and place aforesaid, HOUSE was following GANSER so closely that GANSER could not see HOUSE's headlights.

18. That while departing Central City, GANSER focused on putting distance between he and HOUSE and accelerated to 65 miles per hour. HOUSE again matched GANSER's speed and maintained the same distance between the Defendants' respective semi-trailers.

19. Upon entering the Village of Clarks, County of Merrick, State of Nebraska, GANSER lowered his speed limit again to 60 miles per hour and HOUSE again matched GANSER's speed.

20. That when approaching the east edge of Clarks, while Krupnikovic's headlights were visible in the distance, HOUSE, while engaging in this reckless game of cat and mouse, entered the lane of oncoming traffic in a failed attempt to pass GANSER, before pulling back directly behind GANSER.

21. That the time and place aforesaid, GANSER, while focused on the rear of his vehicle, accelerated in a final attempt to lose HOUSE and in the process side-swiped Krupnikovic's semi-trailer, which was in the opposite lane of traffic.

4

22. As a result of this initial collision with GANSER, Krupnikovic's tire was punctured and caused Plaintiff to pull into the eastbound lane. As a direct result thereof, HOUSE collided head-on with Krupnikovic.

23. As a result of this second collision, HOUSE's and Krupnikovic's semi-trailers engulfed in flames, leaving both parties deceased.

## COUNT I – WRONGFUL DEATH
## STERLING TRANSPORTATION/THOMAS HOUSE in his Individual Capacity/Respondeat Superior

1–23. The Plaintiffs re-allege and incorporate paragraphs 1–23 of their Complaint as and for Paragraphs 1–23 of this Count I.

24. At all times relevant hereto, STERLING TRANSPORTATION operated, controlled, and managed the 2007 semi-trailer driven by co-defendant, HOUSE.

25. At all times relevant hereto, HOUSE was an agent of STERLING TRANSPORTATION.

26. At all times relevant hereto, HOUSE was acting within the scope of his agency relationship with STERLING TRANSPORTATION.

27. At the time and place aforesaid, STERLING TRANSPORTATION was operating a commercial motor vehicle in interstate commerce.

28. At the time and place aforesaid, STERLING TRANSPORTATION was a motor carrier.

29. At all times relevant hereto, Defendants STERLING TRANSPORTATION and HOUSE owed Krupnikovic a duty of ordinary care to operate his vehicle in a safe manner upon the roadway so as not to cause an accident with other motorists, including the Plaintiff.

30. Notwithstanding the aforementioned duty of the Defendants, STERLING TRANSPORTATION and HOUSE were negligent in one or more of the following respects:

    a. Failed to keep a safe and proper look-out;

    b. Traveled on the wrong side of the roadway;

    c. Attempted to change lanes without first ascertaining such change could be made safely;

    d. Failed to keep a safe distance apart from vehicles in front;

    e. Followed too closely;

    f. Failed to reduce the speed of the vehicle to avoid a collision; and

    g. Otherwise were reckless and failed to operate, manage, maintain and control the aforesaid vehicle in a safe and suitable manner.

31. That one or more of the aforesaid careless and negligent acts and/or omissions was a direct and proximate cause of death of Krupnikovic.

32. That at the time of Krupnikovic's death, he left surviving him his wife, BOZANA KRUPNIKOVIC, and his daughter, A.K. BOZANA KRUPNIKOVIC and A.K. have been and will in the future be deprived of the loss of society, companionship, love, affection and support of Krupnikovic.

33. That this cause of action is brought pursuant to Illinois Compiled Statutes, 740 ILCS 180/0.01 et. seq., known as the Wrongful Death Act, then and there in full force and effect at the time of the subject occurrence.

    WHEREFORE, the Plaintiffs, by and through their attorneys, OSTOJIC & SCUDDER, LLC, pray for judgment against Defendants, STERLING TRANSPORTATION SERVICES,

INC., and Unknown Spouse, Heirs, Devisees, Legatees, Executors, Administrators, and Assigns, if any, of THOMAS HOUSE, Deceased, Individually, jointly and severally, as follows:

    (a)    compensatory and consequential damages for the injuries suffered in an amount to be determined by the Court in excess of $75,000.00;

    (b)    punitive damages in an amount to be determined at trial for the willful, wanton, reckless and malicious conduct of Defendants; and

    (c)    such other and further relief as this Court deems just and proper.

### COUNT II – WRONGFUL DEATH
### LW MILLER TRANSPORTATION HOLDINGS, INC./GANSER in his Individual Capacity/RESPONDEAT SUPERIOR

1–33.    The Plaintiffs re-allege and incorporate paragraphs 1–33 of their Complaint as and for Paragraphs 1–33 of this Count II.

34.    At all times relevant hereto, LW MILLER TRANSPORTATION operated, controlled, and managed the 2012 semi-trailer driven by co-defendant, GANSER.

35.    At all times relevant hereto, GANSER was an agent of LW MILLER TRANSPORTATION.

36.    At all times relevant hereto, GANSER was acting within the scope of his agency relationship with LW MILLER TRANSPORTATION.

37.    At the time and place aforesaid, LW MILLER TRANSPORTATION was operating a commercial motor vehicle in interstate commerce.

38.    At the time and place aforesaid, LW MILLER TRANSPORTATION was a motor carrier.

39. At all times relevant hereto, Defendants LW MILLER TRANSPORTATION and GANSER owed Krupnikovic a duty of ordinary care to operate his vehicle in a safe manner upon the roadway so as not to cause an accident with other motorists, including the Plaintiff.

40. Notwithstanding the aforementioned duty of the Defendants, LW MILLER TRANSPORTATION and GANSER were negligent in one or more of the following respects:

    a. Failed to keep a safe and proper look-out;

    b. Failed to keep a safe distance away from other vehicles;

    c. Traveled on the wrong side of the roadway;

    d. Failed to reduce the speed of the vehicle to avoid a collision; and

    e. Otherwise were reckless and failed to operate, manage, maintain and control the aforesaid vehicle in a safe and suitable manner.

41. That one or more of the aforesaid careless and negligent acts and/or omissions was a direct and proximate cause of death of Krupnikovic.

42. That at the time of Krupnikovic's death, he left surviving him his wife, BOZANA KRUPNIKOVIC, and his daughter, A.K. BOZANA KRUPNIKOVIC and A.K. have been and will in the future be deprived of the loss of society, companionship, love, affection and support of Krupnikovic.

43. That this cause of action is brought pursuant to Illinois Compiled Statutes, 740 ILCS 180/0.01 et. seq., known as the Wrongful Death Act, then and there in full force and effect at the time of the subject occurrence.

    WHEREFORE, the Plaintiffs, by and through their attorneys, OSTOJIC & SCUDDER, LLC, pray for judgment against Defendants, LW MILLER TRANSPORTATION HOLDINGS, INC., and JAMES GANSER, Individually, jointly and severally, as follows:

(a) compensatory and consequential damages for the injuries suffered in an amount to be determined by the Court in excess of $75,000.00;

(b) punitive damages in an amount to be determined at trial for the willful, wanton, reckless and malicious conduct of Defendants; and

(c) such other and further relief as this Court deems just and proper.

### COUNT III – WILLFUL, WANTON AND RECKLESS CONDUCT
### (ALL DEFENDANTS)

1–43. The Plaintiffs re-allege and incorporate paragraphs 1–43 of their Complaint as and for Paragraphs 1–43 of this Count III.

44. Defendants' acts and/or omissions, as detailed above, when viewed objectively from the Defendants' standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Krupnikovic.

45. Defendants had actual awareness of the risk but nonetheless proceeded with a conscious indifference to the rights, safety, and welfare of Krupnikovic and other individuals using the roadways.

46. Defendants' conscious disregard and indifference was a direct and proximate cause of death of Krupnikovic.

WHEREFORE, the Plaintiffs, by and through their attorneys, OSTOJIC & SCUDDER, LLC, pray for judgment against the Defendants, jointly and severally, as follows:

(a) compensatory and consequential damages for the injuries suffered in an amount to be determined by the Court in excess of $75,000.00;

(b) punitive damages in an amount to be determined at trial for the willful, wanton, reckless and malicious conduct of Defendants; and

(c) such other and further relief as this Court deems just and proper.

## COUNT IV – SURVIVAL ACT

1–46. The Plaintiffs re-allege and incorporate paragraphs 1–46 of their Complaint as and for Paragraphs 1–46 of this Count IV.

47. As a proximate result of one or more of the aforesaid negligent acts or omissions of Defendants, and each of them, the decedent, Krupnikovic suffered injuries of a personal and pecuniary nature until the moment of his death on July 3, 2012, and had he lived, would have been entitled to bring this action and said action survives him.

48. The Plaintiff, BOZANA KRUPNIKOVIC, as Personal Representative of the Estate of Strahinja Krupnikovic, brings this cause of action pursuant to the Illinois Survival Act, 755 ILCS 5/27-6.

WHEREFORE, the Plaintiffs, by and through their attorneys, OSTOJIC & SCUDDER, LLC, pray for judgment against the Defendants, jointly and severally, as follows:

(a) compensatory and consequential damages for the injuries suffered in an amount to be determined by the Court in excess of $75,000.00;

(b) punitive damages in an amount to be determined at trial for the willful, wanton, reckless and malicious conduct of Defendants; and

(c) such other and further relief as this Court deems just and proper.

## COUNT IV – FAMILY EXPENSE ACT

1–48. The Plaintiffs re-allege and incorporate paragraphs 1–48 of their Complaint as and for Paragraphs 1–48 of this Count IV.

49. By reason of the foregoing, the Estate of Strahinja Krupnikovic has become obligated for large sums of money and reasonable medical and funeral expenses, pursuant to 750 ILCS 65/15, known as the Family Expense Act.

WHEREFORE, the Plaintiffs, by and through their attorneys, OSTOJIC & SCUDDER, LLC, pray for judgment against the Defendants, jointly and severally, as follows:

(a) compensatory and consequential damages for the injuries suffered in an amount to be determined by the Court in excess of $75,000.00;

(b) punitive damages in an amount to be determined at trial for the willful, wanton, reckless and malicious conduct of Defendants; and

(c) such other and further relief as this Court deems just and proper.

Respectfully submitted,

BOZANA KRUPNIKOVIC,

By: /s/ John R. Ostojic_____
    One of Plaintiff's Attorneys

John R. Ostojic
Ostojic & Scudder, LLC
332 S. Michigan Ave., Ste. 1000
Chicago, IL 60604
Tel: 312.913.0860
Fax: 312.913.0868
ARDC No. 6190201
jostojic@ameritech.net

## JURY DEMAND

Plaintiffs, by and through the undersigned counsel, respectfully demand a trial by jury on all issues so triable.

11

/s/ John R. Ostojic