IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOZANA KRUPNIKOVIC, as Personal Representative of the Estate of Strahinja Krupnikovic, deceased, Individually and as Next of Kin of Strahinja Krupnikovic, deceased, and as Mother and Guardian of A.K., a Minor and Next of Kin of Strahinja Krupnikovic, deceased, <br><br> Plaintiff, <br><br> v. <br><br> STERLING TRANSPORTATION SERVICES, INC.; UNKNOWN SPOUSE, HEIRS, DEVISEES, LEGATEES, EXECUTORS, ADMINISTRATORS, AND ASSIGNS of Thomas House, deceased; LW MILLER TRANSPORTATION HOLDINGS, INC.; and JAMES GANSER, Individually; <br><br> Defendants. | 8:14CV352 <br><br> Order |

This matter is before the court on the motion to quash (Filing No. 114) filed by defendants L.W. Miller Transportation Holdings, Inc., ("L.W. Miller") and James Ganser ("Ganser"). The defendants seek to quash Plaintiff's notice of Rule 30(b)(6) deposition of L.W. Miller because the proposed topics to be covered are overly broad and the deposition appears to be a "fishing expedition," as Plaintiff has been unable to produce evidence to-date reflecting that L.W. Miller and Ganser were negligent. (Filing No. 114 at pp. 1-3).

The defendants did not show compliance with NECivR 7.1 in filing this motion. NECivR 7.1(i) provides:

> To curtail undue delay in the administration of justice, this court only considers a discovery motion in which the moving party, in the written motion, shows that after personal consultation with opposing parties and sincere attempts to resolve differences, the parties cannot reach an accord. This showing must also state the date, time, and place of the communications and the names of all participating persons.

NECivR 7.1(i). "Personal consultation" is defined as "person-to-person conversation, either in person or on the telephone. An exchange of letters, faxes, voice mail messages, or emails is also personal consultation for purposes of this rule upon a showing that person-to-person conversation was attempted by the moving party and thwarted by the nonmoving party." *Id.* The defendants made no showing that the parties conferred and sincerely attempted to resolve their differences prior to the filing of the instant discovery motion in accordance with NECivR 7.1(i). As such, the court will not consider the motion at this time. The parties are to meet and confer, and, if they are unable to resolve their differences, the court will reconsider a motion filed in compliance with NECivR 7.1. [1]

**IT IS ORDERED:** The defendants' Motion to Quash (Filing No. 114) is denied.

**DATED: May 9, 2016.**

                                        **BY THE COURT:**

                                        s/ F.A. Gossett
                                        **United States Magistrate Judge**

---

[1] The court also reminds counsel of NECivR 7.1(a)(1)(A), which provides, "A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. The brief must be separate from, and not attached to or incorporated in, the motion or index of evidence," and NECivR 7.1(a)(2)(A), which provides, "If a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed."