IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BOZANA KRUPNIKOVIC, as personal representative of the estate of Strahinja Krupnikovic, deceased, individually and as next of kin of Strahinja Krupnikovic, deceased, and as mother and guardian of A.K., a minor and next of kin of Strahinja Krupnikovic, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>STERLING TRANSPORTATION SERVICES, INC.; UNKNOWN SPOUSE, HEIRS, DEVISEES, LEGATEES, EXECUTORS, ADMINISTRATORS, AND ASSIGNS of Thomas House, deceased; LW MILLER TRANSPORTATION HOLDINGS, INC.; and JAMES GANSER, individually;<br><br>    Defendants. | 8:14CV352<br><br>ORDER |

This matter is before the court on the defendants', L.W. Miller Transportation Holdings, Inc., ("L.W. Miller") and James Ganser ("Ganser"), amended motion to quash (Filing No. 120) the plaintiff's Rule 30(b)(6) deposition notice directed to L.W Miller. The court previously denied the defendants' motion to quash for failure to show compliance with NECivR 7.1(i).[1] (Filing No. 119). The defendants have refiled the motion which now states the parties were unable to reach a resolution after a telephone conference held March 4, 2016. The plaintiff filed no response to the amended motion.

---

[1] The court again reminds the parties of this court's local rule providing, "A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. *The brief must be separate from, and not attached to or incorporated in, the motion* or index of evidence." NECivR 7.1(a)(1)(A) (Emphasis added).

For the reasons that follow, the court will deny the amended motion to quash, but limit the scope of topics to be covered.

This case arises out of a fatal three-way tractor-trailer accident that occurred in the early morning hours on July 3, 2012, on a highway near Silver Creek, Nebraska. Strahinja Krupnikovic ("Strahinja") was operating a tractor-trailer traveling westbound when his vehicle collided with an eastbound tractor-trailer operated by Ganser and owned by L.W. Miller. ([Filing No. 121 at p. 19](#)). The amended complaint alleges House and Ganser were engaged in a "game of cat and mouse" during which Ganser "side-swiped" Strahinja's tractor-trailer, causing the initial collision. ([Filing No. 64 at p. 5](#)). After the initial collision between Strahinja's and Ganser's vehicles, Strahinja's tractor-trailer continued westbound and collided with a tractor-trailer operated by Thomas House ("House") and owned by Sterling Transportation Services, Inc. ("Sterling"). ([Filing No. 121 at p. 19](#)). Strahinja's and House's tractor-trailers caught fire and both parties perished. ([Filing No. 121 at pp. 19](#), 25; [Filing No. 64 at p. 5](#)). Strahinja's wife, Bozana Krupnikovic ("Krupnikovic"), filed the instant action against Ganser, L.W. Miller, House's estate, and Sterling to recover damages as personal representative of Strahinja's estate, individually, and on behalf of her minor daughter.

On March 3, 2016, Krupnikovic filed a notice of Rule 30(b)(6) deposition directed to L.W. Miller. ([Filing No. 110](#)). The notice sets forth several topics to be covered: (1) L.W. Miller's corporate structure, and job titles, compensation, and responsibilities of all employees from 2011 to the present; (2) services and goods offered by L.W. Miller from 2010 to 2013, including the date of the accident; (3) L.W. Miller's investigation of the collision and any associated documents; (4) L.W. Miller's safety records from 2011 through 2013; (5) L.W. Miller's general procedure and guidelines for selecting, retaining, and hiring individuals to deliver loads; (6) documents identified and produced in L.W. Miller's and Ganser's Rule 26(a)(1) Mandatory Disclosures and the plaintiff's document requests; (7) L.W. Miller's and Ganser's answers to the plaintiff's interrogatories; (8) Ganser's work schedule for the year prior to the date of the accident; (9) Ganser's delivery

schedule for the two months preceding the date of the accident through the month following the accident; (10) safety and driving records of Ganser and L.W. Miller; (11) any subject or topic mentioned, discussed, or otherwise implicated by the corporate designee during the course of the deposition; (12) the policies, procedures, protocols, and practices implemented by L.W. Miller for retaining, preserving, recording, copying or reproducing any electronic data stored on electronic recording devices affixed to, or a part of, its vehicles, trucks, and/or trailers, such as an Electronic Control Module (ECM); and (13) the data and information contained on any electronic recording device that was on-board the tractor-trailer driven by Ganser on or about the date of the accident.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); see Fed. R. Civ. P. 26(c)(1). The court has discretion to limit discovery outside the scope permitted by Rule 26(b)(1). See *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003); Fed. R. Civ. P. 26(b)(2)(C)(iii).

The defendants seek to quash Krupnikovic's notice of Rule 30(b)(6) deposition of L.W. Miller because the proposed topics to be covered are overly broad and the deposition appears to be a "fishing expedition" not aimed at discovering relevant evidence. (Filing No. 120 at pp. 2-4). Krupnikovic's amended complaint alleges various ways in which Ganser negligently or recklessly caused the accident and alleges L.W. Miller is vicariously liable under theories of respondeat superior and for negligently hiring, supervising, entrusting, training, and retaining Ganser. (Filing No. 64 at pp. 6, 8-9). The defendants argue Krupnikovic has been unable to produce any evidence reflecting that either L.W. Miller or Ganser negligently caused the accident. (Filing No. 120 at pp. 2-4). In particular, deposition testimony from law enforcement and a forensic report prepared for L.W. Miller states Strahinja's vehicle, not Ganser's vehicle, crossed the center-line.

([Filing No. 121 at pp. 5](#), 29). However, pursuant to this court's progression order, discovery in this case is not closed. The deposition and written discovery deadlines are September 1, 2016, and the plaintiff's expert disclosure deadline is June 30, 2016. ([Filing No. 109 at p. 2](#); Filing No. 113 - Text Order). Although the defendants have produced evidence favoring their position, Krupnikovic may still discover evidence, including expert testimony, in support of her claims. During the discovery stage of the proceedings, Krupnikovic is not required to rebut the defendant's evidence in order to obtain discovery relevant to her claims. The scope of permissible discovery is extremely broad and Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any claim and proportional to the needs of the case. [Fed. R. Civ. P. 26(b)(1)](#). A request for discovery is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *[Gladfelter v. Wal-Mart Stores, Inc.](#)*, 162 F.R.D. 589, 590 (D. Neb. 1995). Krupnikovic's claims against Ganser and L.W. Miller in the amended complaint are still pending. Therefore, Krupnikovic should be permitted to perform discovery relevant to those claims, including deposing a corporate representative of L.W. Miller pursuant to Rule 30(b)(6).

Although the court finds the notice of Rule 30(b)(6) deposition of L.W. Miller should not be quashed, the proposed topics to be covered are overbroad. The court has discretion to limit discovery outside the scope permitted by Rule 26(b)(1). See *[Roberts](#)*, [352 F.3d at 361](#); Fed. R. Civ. P. 26(b)(2)(C)(iii). The court will limit the topics to be covered at the deposition to items relevant to the accident and the claims against L.W. Mill and Ganser raised in the amended complaint, including: the investigation of the collision and any associated documents; documents identified and produced in L.W. Miller's and Ganser's Rule 26(a)(1) Mandatory Disclosures and the plaintiff's document requests; L.W. Miller's and Ganser's answers to the plaintiff's interrogatories; Ganser's work schedule for the year prior to the date of the accident; Ganser's delivery schedule for the two months preceding the date of the accident through the month following the accident; safety and driving records of Ganser; the policies, procedures, protocols, and practices implemented

by L.W. Miller for retaining, preserving, recording, copying or reproducing any electronic data stored on electronic recording devices affixed to, or a part of, its vehicles, trucks, and/or trailers, such as an Electronic Control Module (ECM); and the data and information contained on any electronic recording device that was on-board the tractor-trailer driven by Ganser on or about the date of the accident. Accordingly,

**IT IS ORDERED:** L.W. Miller Transportation Holdings, Inc., and James Ganser's Amended Motion to Quash ([Filing No. 120](#)) is denied. L.W. Miller shall produce a representative in accordance with the Rule 30(b)(6) Notice of Deposition ([Filing No. 110](#)). However, the topics to be covered during the deposition is limited by this order as set forth above.

**DATED: June 3, 2016.**

           **BY THE COURT:**

           s/ F.A. Gossett
           **United States Magistrate Judge**