# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BOZANA KRUPNIKOVIC**, as personal representative of the estate of Strahinja Krupnikovic, deceased, individually and as next of kin of Strahinja Krupnikovic, deceased, and as mother and guardian of A.K., a minor and next of kin of Strahinja Krupnikovic, deceased, | 8:14CV352 |
| Plaintiff, | ORDER |
| v. | |
| **STERLING TRANSPORTATION SERVICES, INC.; UNKNOWN SPOUSE, HEIRS, DEVISEES, LEGATEES, EXECUTORS, ADMINISTRATORS, AND ASSIGNS of Thomas House, deceased; LW MILLER TRANSPORTATION HOLDINGS, INC.; and JAMES GANSER, individually;** | |
| Defendants. | |

This matter is before the court on Sterling Transportation Services, Inc.'s ("Sterling") motion for protective order or motion to quash the plaintiff's Rule 30(b)(6) deposition notice directed to Sterling (Filing No. 122). Sterling failed to file a brief in support of its motion in compliance with this court's local rules, which provide, "A motion raising a substantial issue of law must be supported by a brief filed and served together with the motion. *The brief must be separate from, and not attached to or incorporated in, the motion* or index of evidence." NECivR 7.1(a)(1)(A) (emphasis added). "A party's failure to brief an issue raised in a motion may be considered a waiver of that issue." *Id.* Although Sterling did not file a brief, the court will nevertheless consider its arguments

contained within its motion. For the reasons that follow, the court will deny Sterling's motion to quash, but limit the scope of topics to be covered.

As outlined in the court's previous order (Filing No. 130), this case arises out of a fatal three-way tractor-trailer accident that occurred in the early morning hours on July 3, 2012, on a highway near Silver Creek, Nebraska. Strahinja Krupnikovic ("Strahinja") was operating a tractor-trailer traveling westbound when his vehicle collided with an eastbound tractor-trailer operated by James Ganser ("Ganser") and owned by L.W. Miller Transportation Holdings, Inc. (Filing No. 121 at p. 19). The amended complaint alleges Thomas House ("House") and Ganser were engaged in a "game of cat and mouse" during which Ganser "side-swiped" Strahinja's tractor-trailer, causing the initial collision. (Filing No. 64 at p. 5). After the initial collision between Strahinja's and Ganser's vehicles, Strahinja's tractor-trailer continued westbound and collided with a tractor-trailer operated by House and owned by Sterling. (Filing No. 121 at p. 19). Strahinja's and House's tractor-trailers caught fire and both parties perished. (Filing No. 121 at pp. 19, 25; Filing No. 64 at p. 5). Strahinja's wife, Bozana Krupnikovic ("Krupnikovic"), filed the instant action against Ganser, L.W. Miller, House's estate, and Sterling to recover damages as personal representative of Strahinja's estate, individually, and on behalf of her minor daughter.

On March 3, 2016, Krupnikovic filed a notice of Rule 30(b)(6) deposition directed to Sterling. (Filing No. 111). The notice sets forth several topics to be covered: (1) Sterling's corporate structure, and job titles, compensation, and responsibilities of all employees from 2011 to the present; (2) services and goods offered by Sterling from 2010 to 2013, including the date of the accident; (3) Sterling's investigation of the collision and any associated documents; (4) Sterling's safety records from 2011 through 2013; (5) Sterling's general procedure and guidelines for selecting, retaining, and hiring individuals to deliver loads; (6) documents identified and produced in Sterling's 26(a)(1) Mandatory Disclosures and the plaintiff's document requests; (7) Sterling's answers to the plaintiff's interrogatories; (8) House's work schedule for the year prior to the date of the accident; (9)

House's delivery schedule for the month preceding the date of the accident through the month following the accident; (10) safety and driving records of House and Sterling; (11) any subject or topic mentioned, discussed, or otherwise implicated by the corporate designee during the course of the deposition; (12) the policies, procedures, protocols, and practices implemented by House for retaining, preserving, recording, copying or reproducing any electronic data stored on electronic recording devices affixed to, or a part of, its vehicles, trucks, and/or trailers, such as an Electronic Control Module (ECM); and (13) the data and information contained on any electronic recording device that was on-board the tractor-trailer driven by House on or about the date of the accident.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); see Fed. R. Civ. P. 26(c)(1). The court has discretion to limit discovery outside the scope permitted by Rule 26(b)(1). See *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 361 (8th Cir. 2003); Fed. R. Civ. P. 26(b)(2)(C)(iii).

Krupnikovic's amended complaint alleges various ways in which House negligently or recklessly caused the accident and alleges Sterling is vicariously liable under theories of respondeat superior and for negligently hiring, supervising, entrusting, training, and retaining House. (Filing No. 64 at pp. 6-8). Sterling advances similar arguments to those made by L.W. Miller in support of the motion to quash notice of Rule 30(b)(6) deposition. Sterling argues the notice of deposition should be quashed because plaintiff has failed to make a preliminary threshold showing as to the merits of her case and the proposed topics to be covered are not described with reasonable particularity nor aimed at matters relevant to the issues in dispute. (Filing No. 122 at p. 3). As previously noted by this court, pursuant to this court's progression order, discovery in this case is not closed. The deposition and written discovery deadlines are September 1, 2016, and the plaintiff's

expert disclosure deadline is June 30, 2016. ([Filing No. 109 at p. 2](); Filing No. 113 - Text Order). Although the defendants have produced evidence favoring their position, Krupnikovic may still discover evidence, including expert testimony, in support of her claims. During the discovery stage of the proceedings, Krupnikovic is not required to rebut the defendant's evidence in order to obtain discovery relevant to her claims. The scope of permissible discovery is extremely broad and Rule 26(b)(1) permits discovery of any nonprivileged matter relevant to any claim and proportional to the needs of the case. See [Fed. R. Civ. P. 26(b)(1)](). A request for discovery is relevant "if there is any possibility that the information sought may be relevant to the subject matter of the action." *[Gladfelter v. Wal-Mart Stores, Inc.](), 162 F.R.D. 589, 590 (D. Neb. 1995)*. Krupnikovic's claims against Sterling and House's estate in the amended complaint are still pending. Therefore, Krupnikovic should be permitted to perform discovery relevant to those claims, including deposing a corporate representative of Sterling pursuant to Rule 30(b)(6).

Although the court finds the notice of Rule 30(b)(6) deposition of Sterling should not be quashed, the proposed topics to be covered are overbroad. The court has discretion to limit discovery outside the scope permitted by Rule 26(b)(1). See *[Roberts](), 352 F.3d at 361*; Fed. R. Civ. P. 26(b)(2)(C)(iii). The court will limit the topics to be covered at the deposition to items relevant to the accident and the claims against House and Sterling raised in the amended complaint, including: the investigation of the collision and any associated documents; documents identified and produced in Sterling's Rule 26(a)(1) Mandatory Disclosures and the plaintiff's document requests; Sterling's answers to the plaintiff's interrogatories; House's work schedule for the year prior to the date of the accident; House's delivery schedule for the month preceding the date of the accident through the month following the accident; safety and driving records of House; the policies, procedures, protocols, and practices implemented by Sterling for retaining, preserving, recording, copying or reproducing any electronic data stored on electronic recording devices affixed to, or a part of, its vehicles, trucks, and/or trailers, such as an Electronic Control Module (ECM); and the data and information contained on any

electronic recording device that was on-board the tractor-trailer driven by House on or about the date of the accident.  Accordingly,

**IT IS ORDERED:** Sterling's motion to quash or for protective order (Filing No. 122) is denied.  Sterling shall produce a representative in accordance with the Rule 30(b)(6) Notice of Deposition (Filing No. 111).  However, the topics to be covered during the deposition is limited by this order as set forth above.

**DATED: June 15, 2016.**

                **BY THE COURT:**

                s/ **F.A. Gossett**
                **United States Magistrate Judge**